73 F.3d 378
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 DELTA PACIFIC GROUP, INC., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5042.
 United States Court of Appeals, Federal Circuit.
 Nov. 29, 1995.
 
 Before PLAGER, Circuit Judge, NIES, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 ORDER
 PLAGER, Circuit Judge.
 
 
 1
 The United States moves to dismiss Delta Pacific Group, Inc.'s appeal as moot. Delta opposes. On September 19, 1995, we directed the parties to file supplemental responses concerning whether Delta had sought reimbursement of bid preparation costs in the United States Court of Federal Claims. Delta and the United States submit responses.
 
 
 2
 This matter stems from Delta's submission of a proposal in response to the United States Army Chemical and Biological Defense Command's solicitation for high pressure washer units. The contracting officer notified Delta that it had been removed from the competitive range of consideration. On August 30, 1994, Delta brought action in the Court of Federal Claims seeking (1) a temporary restraining order and preliminary injunction enjoining the United States from awarding the contract; (2) a declaratory judgment stating that Delta's bid was responsive to the technical factors required for consideration in the competitive range and that the bid was the lowest received by the United States; (3) costs of bid preparation in response to the solicitation and legal services related to the protest; and (4) such other relief as the court deemed just and proper. On September 27, 1994, Delta amended its complaint by eliminating its request for bid preparation costs and incorporating a request for declaratory judgment on the alternate ground that the solicitation was void due to impossibility of performance.
 
 
 3
 The United States moved for summary judgment on the ground that the contracting officer's exclusion of Delta from the competitive range was neither unreasonable nor unlawful. The Court of Federal Claims granted the motion. Delta appealed to this court. Subsequently, the United States cancelled the solicitation. The United States now seeks to dismiss Delta's appeal as moot on the ground that no case or controversy exists. Delta argues that the appeal is not moot because if it succeeds on appeal, it may be entitled to reimbursement of its bid preparation costs.
 
 
 4
 In our September 19, 1994 order, we stated that the parties had not adequately addressed, inter alia, whether Delta sought bid preparation costs as relief. We directed the parties to respond. Delta argues that because it sought in its amended complaint "such other, further, and different relief" as the court deemed proper, the pleadings should be interpreted to include a request for bid preparation costs. The United States responds that Delta clearly elected to seek equitable relief rather than monetary relief before the Court of Federal Claims, because Delta deleted its prayer for bid preparation costs from the amended complaint. We agree. Delta's deletion of its request for bid preparation costs is a clear indication that Delta was no longer seeking such costs. Delta's present argument that the catch-all provision for "other relief" retained on one hand what the other hand was deleting is not persuasive.
 
 
 5
 Alternatively, Delta argues that this court has jurisdiction over its case because it requested costs and expenses before the Court of Federal Claims and Delta meets the eligibility requirements of the Equal Access to Justice Act (EAJA). See generally 28 U.S.C. Sec. 2412. Delta's argument that this court has jurisdiction under EAJA because Delta asked for costs and expenses in its complaint is baseless. EAJA fees are awarded on the basis of an application filed after a party has prevailed in litigation. Delta was not a prevailing party before the Court of Federal Claims, and it has not filed an application under EAJA. See 28 U.S.C. Sec. 2412(d). To the extent that Delta seeks bid preparation costs pursuant to EAJA, EAJA concerns the recovery of litigation expenses, not bid preparation costs.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The United States' motion to dismiss is granted.
 
 
 8
 (2) Each side shall bear its own costs.